# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAHEAL PARRISH,<br><br>                Plaintiff,<br><br>     v.<br><br>BUGARIN, *et al.*,<br><br>                Defendants. | Case No. 1:19-cv-00490-LJO-BAM (PC)<br><br>ORDER GRANTING EXTENSION OF TIME FOR PLAINTIFF TO PAY FILING FEE<br><br>**THIRTY (30) DAY DEADLINE**<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br>(ECF No. 10)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Kaheal Parrish ("Plaintiff") is a state prisoner proceeding *pro se* in this action pursuant to 42 U.S.C. § 1983.

On April 19, 2019, the undersigned issued findings and recommendations that Plaintiff's application to proceed *in forma pauperis* be denied on the basis that Plaintiff is able to afford the costs of this action, and that Plaintiff be required to pay the $400.00 filing fee in full to proceed with this action. (ECF No. 7.) Plaintiff filed objections on May 1, 2019. (ECF No. 8.) The District Judge adopted the findings and recommendations in full on May 2, 2019, and ordered Plaintiff to pay the filing fee within twenty-one days. (ECF No. 9.)

///

1

Currently before the Court is Plaintiff's "Motion and Request for Order of Payment," filed May 16, 2019, which the Court construes as a motion for preliminary injunction. (ECF No. 10.) Plaintiff states that following the Court's April 19, 2019 order denying Plaintiff's *in forma pauperis* request,[1] Plaintiff completed a CDCR 193 Trust Account Withdrawal Form authorizing $400.00 be sent to the Clerk of the Court in Fresno, California. Plaintiff forwarded the CDCR 193 along with a copy of the Court's filing fee order to the Litigation Coordinator at Corcoran State Prison on April 25, 2019. Plaintiff alleges that prison officials refused to process the withdrawal request to sabotage Plaintiff's case. Plaintiff therefore requests a court order directing CDCR to process his CDCR 193 to pay the filing fee in this action. Plaintiff also requests that the Court allow him to pay the U.S. Marshal Service to effect service of process on any defendant found suitable upon the Court's screening of the complaint. (Id.)

**II.      Motion for Preliminary Injunction**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find

---

[1] Plaintiff appears to be referring to the undersigned's findings and recommendations of April 19, 2019. (ECF No. 7.)

the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.

In his motion, Plaintiff does not seek injunctive relief against a named defendant in this action. "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court.*" Zepeda v. U.S. Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). The complaint in this action has not yet been screened, and the case does not yet proceed on any cognizable claims against any defendants. Thus, the Court must deny Plaintiff's motion because it lacks jurisdiction over any staff at California State Prison, Corcoran, who, he reports, have failed to process his CDCR 193 to allow him to pay the filing fee in this action.

However, in light of Plaintiff's allegations regarding his difficulties in processing payment of the filing fee for this action, the Court finds it appropriate to extend the deadline for Plaintiff to submit his filing fee.

**III.   Order and Recommendation**

Accordingly, the Court HEREBY ORDERS that:

1. The deadline for Plaintiff to pay the $400.00 filing fee is extended to **thirty (30) days** from the date of service of this order; and
2. The Clerk of the Court is directed to forward a copy of this Order and Plaintiff's motion, (ECF No. 10), to the Warden's Office and the Litigation Coordinator at California State Prison, Corcoran, that they might be made aware of the difficulty Plaintiff is experiencing in processing payment of the filing fee for this action.

1 | Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, (ECF No. 10), be DENIED for lack of jurisdiction.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 20, 2019**      /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE